## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

**MARILYN DOMINGUE**                                             **PLAINTIFF**

**v.**                                   **CIVIL ACTION NO: 4:18-CV-00199-DMB-JMV**

**JANTRAN, INC.**                                              **DEFENDANT**

<u>**ORDER**</u>

This matter is before the court upon the motion of plaintiff for sanctions pursuant to Fed. R. Civ. P. 37 for failure to disclose relevant discovery as required by Fed. R. Civ. P. 26(a). The court, having considered the briefing and relevant caselaw, procedural rules and the totality of the circumstances, finds that the motion is not well taken and should be DENIED.

**Background**

On October 10, 2018 plaintiff filed suit against defendant pursuant to the "Jones Act, 46 U.S.C. § 30104, and the General Maritime Law of Unseaworthiness and Maintenance and Cure" regarding a johnboat accident during her employment with the defendant wherein plaintiff allegedly sustained neck and back injuries. Doc. #1 at 1. By way of initial disclosures and responses to interrogatories and requests for production of documents, plaintiff represented that prior to the subject boating accident she had no prior neck or back injuries/issues. Doc. # 31-1.

On February 12, 2020, plaintiff was deposed. At her deposition, plaintiff was confronted with medical records regarding treatment she had received before the johnboat accident for what appear to be the same injuries she now claims are the result of the johnboat accident. Thereafter, on February 20, 2020 defendant cited such records in support of a pending motion to dismiss. Doc. #31.

On March 12, 2020, the plaintiff filed the instant motion asking the court to strike the pre-accident medical records and award her expenses and attorney fees. As a basis for her motion,

plaintiff complains that defendant failed to disclose substantive evidence—her own medical records—until after the time for making initial disclosures and for making responses to plaintiff's discovery request in order to surprise plaintiff at her deposition.

Plaintiff concedes that she also failed to disclose her pre-accident medical records/treatments in her initial disclosures and her responses to written discovery but alleges that the failure was due to memory loss occasioned by the subject accident.

In response, defendant alleges that at the time it made its initial disclosures and responded to the plaintiff's written discovery, on February 6, 2019, the Defendant was not aware of the Plaintiff's pre-existing medical care. Defendant alleges that it did not have knowledge of the records until October 2019 and did not received the records until November through December of 2019. As to the timing of the disclosure, defendant argues that because the records are plaintiff's own medical records, they are impeachment evidence, and in any event, it did disclose the plaintiff's medical records to plaintiff well before the discovery deadline.

*Law and Analysis*

"The imposition of sanctions for failure to comply with discovery orders or rules is extremely fact sensitive and rests in the sound discretion of the district court. As such, case law applying Fed. R. Civ. P. 37 has only persuasive value in determining whether to impose sanctions..." § 12:1. Generally, Handbk. Fed. Civ. Disc. & Disclosure § 12:1 (4th ed.).

Federal Rule of Civil Procedure 37(c) states, in relevant part:

> (c) FAILURE TO DISCLOSE, TO SUPPLEMENT AN EARLIER RESPONSE, OR TO ADMIT.
> (1) *Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless…

In support of her motion, plaintiff cites a line of cases wherein courts have excluded video surveillance footage at trial which had been surreptitiously recorded and not disclosed before the deposition of the party recorded. Doc. #34. However, unlike those cases in which the defendants actively created the withheld evidence[1]—often even prior to suit being filed[2]—in the instant case, the defendants did not even know about the evidence until well after suit was filed and played no role in its creation.

This court does not apply the Rules of Civil Procedure in a vacuum. The court must take into consideration all the of the surrounding circumstances when ruling on a motion of this nature. § 12:1. Generally, Handbk. Fed. Civ. Disc. & Disclosure § 12:1 (4th ed.); Rule37. Failure to Make Disclosures or to Cooperate in Discovery; Sanctions, 1 Federal Rules of Civil Procedure, Rules and Commentary Rule 37. Plaintiff would have the court sanction opposing counsel for "untimely" disclosing her own medical records without taking into account plaintiff's own failure to disclose relevant evidence. The court declines to exercise its discretion to impose sanctions upon these facts.

Further, even if the court had found that the defendant had effectively failed to disclose the records, such a failure, in these circumstances, is harmless as, unlike the cases cited by plaintiff, the defendants did produce the documents during the discovery period.[3] And, it bears

---

[1] *See e.g., Mason v. T.K. Stanley, Inc.*, 229 F.R.D. 533, 536 (S.D. Miss. 2005) ("Perhaps more importantly, the court must bear in mind that the evidence in question *was wholly crafted and produced by the party in interest* for use against his opponent. Again, the court in Pro Billards noted, "a party manufacturing evidence will likely produce it in a fashion presenting his or her case in a most favorable light… Because the tape is, at the very least in part substantive, it should have been disclosed prior to trial…'") (emphasis added) (citation omitted).

[2] *See e.g., Jarrell v. Shelter Mut. Ins. Co.*, No. 2:18-CV-183-KS-MTP, 2019 WL 3521328, at *1 (S.D. Miss. Aug. 1, 2019) ("Before filing suit, … Plaintiffs' counsel surreptitiously recorded his conversation with Haines...").

[3] *See Hernandez v. Results Staffing, Inc.*, No. 4:14-CV-182-A, 2017 WL 3842858, at *6 (N.D. Tex. Sept. 1, 2017), aff'd, 907 F.3d 354 (5th Cir. 2018) ("[T]he withholding of the emergency room records by plaintiff's counsel from defendant's trial counsel before and during that trial, put defendant at an unfair disadvantage in defending itself at the trial...") (citing *Mason v. T.K. Stanley, Inc.*, 229 F.R.D. 533 (2005) ("Although Stanley propounded interrogatories to Mason which addressed audio tapes in possession of the plaintiff, the tapes were not furnished in discovery.")(citing *Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513, 514 (5th Cir. 1993)("Zapata… answered that it did not have any. However, surveillance that produced such pictures… was never supplemented."))); *Davis v. Varlack Ventures,*

repeating, they are the plaintiff's own medical records, reflecting her own medical treatment for injuries she now claims are the result of the subject boating accident.

Finally, plaintiff's counsel contends that the defense counsel should have surmised that the plaintiff was not purposefully withholding this impeaching information and should have known that, due to neurological issues, plaintiff did not remember that the injuries about which she complains in the instant lawsuit were the same ones for which she had apparently sought and received considerable medical treatment prior to the subject boating accident. At best, this is unconvincing speculation for which no supporting expert opinion is offered. In short, there are no grounds for sanctions against defense counsel under these circumstances.

## Conclusion

For the foregoing reasons, the plaintiff's motion for sanction is hereby DENIED.

SO ORDERED, this the 6th day of May, 2020.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE

---

*Inc.*, No. S.CT. CIV. 2011-0076, 2013 WL 3367302, at *1 (V.I. July 1, 2013) ("Varlack never produced these records in discovery and did not identify them as an exhibit in the Joint Final Pre–Trial Order…"); *Ronaldo Designer Jewelry, Inc. v. Cox*, No. 1:17-CV-2-DMB-DAS, 2020 WL 1124742, at *1 (N.D. Miss. Mar. 6, 2020) ("It is undisputed that these affidavits contain photographs not disclosed during discovery.").